IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES L. AHERN, JR.<br>　　Plaintiff,<br><br>v.<br><br>ROBERT MOULTON BRIGGS,<br>BRIGGS/FREEMAN REAL ESTATE<br>BROKERAGE, INC., D/B/A BRIGGS<br>FREEMAN SOTHEBY'S INTER-<br>NATIONAL REALTY, IG ICON<br>GLOBAL REAL ESTATE, LLC,<br>MATTHEW CLARK MCWILLIAMS,<br>MCM REAL ESTATE ADVISORS, LLC,<br>AND BERNARD UECHTRITZ<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.  21-CV-685-P |

**RESPONSE OF DEFENDANTS BERNARD UECHTRITZ AND IG ICON GLOBAL REAL ESTATE, LLC TO PLAINTIFF'S MOTION TO WITHDRAW REFERENCE**

COMES NOW Bernard Uechtritz and IG Icon Global Real Estate, LLC, Defendants in the above-referenced case ("Defendants") and file this their Response to the Motion to Withdraw Reference filed by Plaintiff James L. Ahern, Jr. ("Plaintiff") and would respectfully show this Court as follows:

**I.   PROCEDURAL HISTORY**

1.　　Plaintiff filed suit against Defendants in the 394ST Judicial District Court, Jeff Davis County, Texas (the "State Court"), Cause No. CV2002661, *James L. Ahern, Jr. Plaintiff, v. Robert Moulton Briggs, Briggs/Freeman Real Estate Brokerage, Inc., d/b/a Briggs Freeman Sotheby's International Realty, IG Icon Global Real Estate, LLC, Matthew Clark McWilliams, MCM Real Estate Advisors, LLC and Bernard Uechtritz, Defendants* (the "State Court Lawsuit").  In the State Court Lawsuit, the Plaintiff seeks 50% of a real estate commission ordered to be paid exclusively

to the Defendants by the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth division (the Bankruptcy Court").

2.  On January 21, 2021 the Defendants filed a *Notice of Removal* of the State Court Lawsuit to the U.S. District Court for the Western District of Texas (Case No. 4:21-cv-00005-DC-DF, the "Western District Case", Doc. No. 1 therein). The removal was based on a) the retention of exclusive jurisdiction over disputes of this type by the Bankruptcy Court pursuant to an order approving the sale of certain real property known as the "KC7 Ranch" in the Chapter 11 case of *KC7 Ranch Ltd., et. al., Debtors,* Case No. 17-45166-mxm (the "Bankruptcy Case")[1], b) "core" jurisdiction in the bankruptcy court under 28 U.S.C. §157(b)(2)(A) and (b)(2)(N), and c) "related to" jurisdiction based on the effect this litigation could have on the Bankruptcy Case.

3.  On February 2, 2021, the Defendants filed their *Motion to Transfer Venue* of the Western District Case to the Bankruptcy Court (Doc. No. 4 in the Western District Case).

4.  On February 26, 2021, the Plaintiff filed a *Motion to Remand* this case to the State Court (Doc. No. 26 in the Western District Case).

**5.**  On April 28, 2021, the Court in the Western District Case entered its *Order Granting Defendant's Motion to Transfer Venue*, transferring the case to the Bankruptcy Court

---

[1] On January 28, 2019, the Bankruptcy Court entered an order titled *"Order Approving Motion for Order Authorizing (I) Sale of the KC7 Ranch and Related Property Free and Clear of all Liens, Claims, Encumbrances, and Interests, and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale"* (the "Bankruptcy Order", Doc. No. 343 in the Bankruptcy Case). The Bankruptcy Order contained the following language (the "Retention of Jurisdiction"):

> F. RETENTION OF JURISDICTION
> 27.   This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Purchaser APA, and all aspects of this Order and further to hear and determine any and all disputes between the Debtors, CMP, the Purchaser *and/or any interested party*. [emphasis added]

Plaintiff asserts he has a contractual right to receive 50% of the sales commission granted exclusively to the Defendants by the subject asset purchase agreement (referred to by the Court as the "APA" above), which renders Plaintiff an "interested party" with a dispute over which the Bankruptcy Court retained exclusive jurisdiction.

and expressly deferring the Motion to Remand for decision by the Bankruptcy Court (Doc. No. 13 in the Western District Case). A true and copy of the Order Granting Defendant's Motion to Transfer Venue is attached hereto as **Exhibit A** and incorporated by reference.

6.     On May 25, 2021, the Plaintiff filed a *Motion to Withdraw Reference* in the Bankruptcy Court (Doc. No. 7 in the Bankruptcy Case). On May 26, 2021, the Bankruptcy Court entered a *Notice of Transmittal Regarding Withdrawal of Reference* (Docket No. 9 in the Bankruptcy Case), sending the Motion to Withdraw Reference to this Court.

## II.     ARGUMENT AND AUTHORITIES

7.     The Plaintiff's Motion to Withdraw Reference is based on two arguments: a) withdrawal of the reference is mandatory because the Plaintiff has demanded a jury trial, or b) withdrawal should be granted permissively based on a number of factors. Neither argument has merit.

8.     **Withdrawal of the reference based on a jury demand is not required and is premature at best, pending proposed findings, conclusions and recommended action from the bankruptcy court.** The Magistrate Judge in the Western District Case expressly transferred this adversary proceeding to the Bankruptcy Court, not the District Court, because

> a) "Transfer of this Case . . . furthers judicial economy, timely resolution, and consistency in rulings", and it agreed with the Defendants that "the employment of real estate professionals by the bankruptcy estate and the payment of those professionals from property of the estate are matters arising under 11 U.S.C. [§§] 327 and 330, and therefore the issues raised by the Plaintiff in this case arise in and under, and are related to, Title 11." (Exhibit A, page 6): and
>
> b) "Due to the intertwined nature of the instant Suit and the underlying bankruptcy proceedings, the Court finds transfer of this suit to the Bankruptcy Court for the Northern District of Texas, Fort Worth Division is appropriate." (Exhibit A, page 6)

9.     Only *after* the Magistrate Judge entered the Order Granting Defendant's Motion to Transfer Venue did the Plaintiff suddenly decide he wanted a jury and make his jury demand in

the Bankruptcy Court, followed promptly by his Motion to Withdraw Reference based on the jury demand. This kind of manipulation is nothing but forum shopping in an attempt to avoid the Bankruptcy Court, where the Plaintiff fears the bankruptcy judge will enforce his prior orders awarding the subject real estate commission solely to the Defendants.

10. Under 28 U.S.C. Section 157(c)(1), this Court has the authority to send this matter to the Bankruptcy Court for proposed findings of fact and conclusions of law and a report recommending appropriate action to the District Court on all matters, including the Plaintiff's jury demand[2]. That is the procedure that should prevail here, for the reasons cited by the Magistrate Judge – the nature of this adversary proceeding is intertwined with the bankruptcy case to such an extent that the bankruptcy judge, who knows the history of the case and the logic behind his decision to award the real estate commission to the Defendants, should hear the case first and report recommendations to this Court.

11. It is the common practice that when a party seeks to withdraw the reference based on a jury demand, the district court will send the case back to the bankruptcy court for all pre-trial proceedings and any other matters that may be finally decided by the bankruptcy court (such as a motion for summary judgment), which then makes proposed findings of fact and conclusions of law and issues a report recommending appropriate action to the district court. Plaintiff's assertion that his jury demand supports withdrawal of the reference because of the constitutional limitations on a bankruptcy court's authority to conduct a jury trial does not provide a basis for withdrawal of the reference as to pre-trial proceedings. As the court found in *Levine v. M&A Custom Home*

---

[2] A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. Section 157(c)(1).

*Builder & Dev., LLC*, Civil Action No. H-08-2946, 2008 WL 5082400 (S.D. Tex. Nov. 25, 2008), "a party cannot use the jury right as a tool for forum shopping." Id. at *4. In addition, "[t]he right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions" and that "[a] right to a jury trial does not arise until jury issues are presented." Id. at *5.

12.   **Permissive withdrawal of the reference is not supported by the record in this case.**  The Plaintiff argues that if this Court declines mandatory withdrawal based on its jury demand, the Court should exercise its authority to grant permissive withdrawal.  Plaintiff refers to the case of *Curtis v. Cerner Corp.*[3] for the following factors generally considered in the Fifth Circuit on this issue:

- core versus non-core matters;

- fostering the economical use of the debtors' and creditors' resources;

- expediting the bankruptcy process;

- reducing forum shopping and confusion;

- whether jury demands have been made; and

- promoting uniformity in bankruptcy administration.

In this case, all of these factors dictate against permissive withdrawal of the reference.  This is a "core" bankruptcy matter arising under 11 U.S.C. [§§] 327 and 330 involving the employment of real estate professionals by the bankruptcy estate and the payment of those professionals from property of the estate.  Both the efficient use of resources and the jury demand heavily favor review by the bankruptcy court, which can use its prior knowledge of the case to make preliminary findings and conclusions and submit a report recommending action by this Court.  Forum shopping is addressed above – the Plaintiff is blatantly manipulating the process in an attempt to avoid the

---

[3] No. 19-cv-00417, 2020 WL 1983937, at *2 (S.D. Tex. Apr. 27, 2020).

Bankruptcy Court. Regarding uniformity in bankruptcy administration, the Bankruptcy Court is the court which entered the order awarding the real estate commission solely to the Defendants and any disputes regarding the meaning of that order should be administered by the same court to promote uniformity.

WHEREFORE, PREMISES CONSIDERED, the Defendants request the Court to deny the Motion to Withdraw Reference and order that all pre-trial proceedings should take place before the Bankruptcy Court, and grant the Defendants such other and further relief in law or in equity to which the they may show themselves justly entitled.

Dated: June 2, 2021.

Respectfully submitted,

 /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
         guy@joycelindauer.com
         kerry@joycelindauer.com

ATTORNEYS FOR BERNARD UECHTRITZ AND IG ICON GLOBAL REAL ESTATE, LLC

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been delivered via email pursuant to the Court's CM/ECF system to the below counsel of record, on this the 2nd day of June, 2021.

D. John Neese
Andrew K. Meade
Wayne D. Collins
Leann M. Pinkerton
Meade & Neese, LLP
2118 Smith St.
Houston, Texas 77002

W. Craig Stokley
Todd J. Liles
James O. Crewse
STOKLEY PLLC
8150 N. Central Expy, Suite 550
Dallas, Texas 75206

                                                               */s/ Joyce W. Lindauer*
                                                               Joyce W. Lindauer

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JAMES L. AHERN, JR., *Plaintiff*, | § § § | |
| vs. | § | NO: PE:21-CV-00005-DC-DF |
| ROBERT MOULTON BRIGGS, *et al.*, *Defendants*. | § § § § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

BEFORE THE COURT is Defendant Bernard Uechtritz ("Uechtritz") and IG Icon Global Real Estate, LLC's ("Icon") Motion to Transfer Venue to Northern District of Texas ("Motion to Transfer"). (Doc. 4). This case is before the undersigned U.S. Magistrate Judge through a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to U.S. Magistrate Judges. After due consideration, Defendants Uechtritz and Icon's Motion to Transfer is **GRANTED**. (Doc. 4).

### I. BACKGROUND

In 2018, the owners of the 31,000-acre KC7 Ranch in Balmorhea, Texas ("KC7 Ranch") "filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division." (Doc. 1 at 27–28). The KC7 Ranch was listed for sale as part of the bankruptcy proceedings. *Id*. at 28. As noted by Plaintiff James L. Ahern ("Plaintiff") in his original complaint:

> Defendants in this case are the real estate agents and brokers who listed and marketed the KC7 Ranch for sale: Defendant Bernard Uechtritz ("Uechtritz") is a licensed Texas real estate agent . . . and is the principal and sole manager of Defendant IG Icon Global Real Estate, LLC ("Icon"); Defendant Robert Moulton Briggs [("Briggs")] is a licensed Texas real estate broker . . . and is the president, sole director, and designated officer of Briggs/Freeman

**EXHIBIT "A"**

>   > Real Estate Brokerage, Inc. ("Briggs/Freeman") . . . ; and Defendant Matthew Clark McWilliams ("McWilliams") is a Texas licensed real estate broker . . . and is the principal and sole manager of Defendant MCW Real Estate Advisors, LLC ("MCW")[.]
>
> *Id*.

In October 2018, Defendants Icon and Uechtritz sent a marketing email advertising the sale of the KC7 Ranch to several real estate professionals, including Plaintiff. *Id*. Plaintiff in turn reached out to his client, Paul Foster ("Foster"), to enquire whether Foster may be interested in purchasing the KC7 Ranch. *Id*. Foster indicated his interest, so Plaintiff "reached out to Defendants and arranged to show the property to Foster." *Id*. Foster ultimately purchased the property for $32.5 million. *Id*.

Plaintiff contends that during "the early stages of the transaction, [Plaintiff] and Foster requested that [Plaintiff] be added to the transactional documents so that [Plaintiff] would receive his 50% share of the sales commission at the KC7 Ranch closing." *Id*. at 29. Defendants informed Plaintiff that he could not be included on the transactional documents because the transaction was a bankruptcy sale; however, Defendants allegedly "promised that, in exchange for [Plaintiff's] introduction of Foster and work obtaining the buyer, Defendants would receive 100% of the sale commission, and then they would . . . pay [Plaintiff] his 50% share." *Id*. Plaintiff asserts he orally agreed to this arrangement. *Id*. Defendants failed to pay Plaintiff his portion of the commission. *Id*.

Prior to the initiation of the present suit, on January 28, 2019, the Bankruptcy Court entered an order titled "Order Approving Motion for Order Authorizing (I) Sale of the KC7 Ranch and Related Property Free and Clear of all Liens, Claims, Encumbrances, and Interests, and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale" (hereafter, the "Bankruptcy Order"). (Doc. 1 at 2, 7 –18). The

2

Bankruptcy Court retained jurisdiction over state court matters related to the sale of KC7 Ranch via the following paragraph:

> F. RETENTION OF JURISDICTION
>
> 27. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Purchaser APA, and all aspects of this Order and further to hear and determine any and all disputes between the Debtors, CMP, the Purchaser and/or any interested party.

*Id*. at 18.

On December 24, 2020, Plaintiff initiated this suit in the 394th Judicial District Court, Jeff Davis County, Texas, styled as *James L. Ahern, Jr., Plaintiff v. Robert Moulton Briggs, Briggs/Freeman Real Estate Brokerage, Inc. d/b/a Briggs Freeman Sotheby's International Realty, IG Icon Global Real Estate, LLC, Matthew Clark McWilliams, MCM Real Estate Advisors, LLC and Bernard Uechtritz, Defendants*, Cause No. CV-2002661. (*See* Doc. 1 at 1). On January 27, 2021, Defendants Uechtritz and Icon removed the case to this Court. *Id*. Defendants Uechtritz and Icon removed the suit on the grounds that this Court "has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 in that the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") expressly retained jurisdiction over the subject matter of the State Court Lawsuit[.]" (Doc. 1 at 2). Defendants Uechtritz and Icon also removed the suit to this Court "because 28 U.S.C. §§ 1441(a) and 1452(a), the statutes upon which Defendants [Uechtritz and Icon] relied for the removal, require that a case must be removed to the district court of the United States for the district and division embracing the place where such action is pending." (Doc. 4 at 2).

On February 2, 2021, Defendants Uechtritz and Icon filed the presently pending Motion to Transfer. *Id*. Defendants Uechtritz and Icon seek to transfer this case to the Northern District

3

of Texas pursuant to 28 U.S.C. § 1406 and/or § 1412. *Id*. While Plaintiff filed a Motion to Remand to State Court ("Motion to Remand") on February 26, 2021, Plaintiff failed to file a Response to the Motion to Transfer. (*See* Doc. 5). Accordingly, this matter is ready for disposition.

## II. LEGAL STANDARD

"If venue is improper, the Court has broad discretion to dismiss the case, or in the interest of justice, transfer the case to any district where venue is proper." *Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021) (citing 28 U.S.C. § 1406(a)). A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc. v. Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the

4

'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974)). The private interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (citations omitted).

### III. DISCUSSION

"A court may exercise its discretion in determining the order in which to address decisions not affecting the merits of a case." *OLP Wyo. Springs, LLC v. Harden Healthcare, LLC*, No. A-19-CV-00777-RP, 2019 WL 6002058, at *2 (W.D. Tex. Nov. 14, 2019), *report and recommendation adopted*, No. 1:19-CV-777-RP, 2020 WL 8092371 (W.D. Tex. Jan. 7, 2020) (citing *Hill v. Keliher*, 2019 WL 3837113, at *3 (S.D. Tex. Aug. 14, 2019)). Here, the Court will first address the Motion to Transfer and leave Plaintiff's pending Motion to Remand for the transferee court to decide. Further, as the present Motion to Transfer is unopposed, "the Court will discuss only the facts that support a transfer." *Leal v. Singh*, No. EP-17-CV-207-PRM, 2017 WL 10818718, at *1 (W.D. Tex. Oct. 19, 2017).

Defendants Uechtritz and Icon argue this case could—and should—have been brought in the Fort Worth Division of the Northern District of Texas "because 1) the Bankruptcy Court retained jurisdiction over any disputes among interested parties related to the contract to sell real

5

property, including the payment of real estate commissions under that contract, and 2) venue of the Bankruptcy Case was [proper] . . . in the Bankruptcy Court for the Northern District of Texas." (Doc. 4 at 3). The Court agrees that this case could have been brought in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division as that is the location where the underlying bankruptcy was filed. *See* 28 U.S.C. § 1409(a) ("a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."); *see also* 28 U.S.C. § 1334(b) (bankruptcy courts have subject matter jurisdiction over all matters "arising in or related to cases under title 11").

Transfer of this Case also furthers judicial economy, timely resolution, and consistency in rulings. In the instant suit, Defendants Uechtritz and Icon contend "the employment of real estate professionals by the bankruptcy estate and the payment of those professionals from property of the estate are matters arising under 11 U.S.C. [§§] 327 and 330, and therefore the issues raised by the Plaintiff in this case arise in and under, and are related to, Title 11." (Doc. 4 at 3). At least one other court has found that transfer of a suit stemming from a bankruptcy back to the district where the bankruptcy is pending furthers judicial economy. *See In re Radioshack Corp.*, No. 15-10197, 2016 WL 6405576, at *2 (W.D.N.Y. Oct. 31, 2016). In *In re Radioshack Corp.*, the Western District of New York found that:

> Judicial economy, a timely resolution and consistency in rulings also favor transfer. This case is closely related to a complex bankruptcy matter which is currently pending before the Delaware Bankruptcy Court. Thus, that Court is well versed in these issues. Indeed, a transfer to the Delaware Bankruptcy Court will most likely lead to a faster resolution of the matter and would alleviate the need for another court to learn the intricacies of this complex bankruptcy proceeding.

6

*Id*. Defendants Uechtritz and Icon further assert "[t]he Bankruptcy Court approved the Debtor's retention of the Defendants as professionals for the purpose of marketing and selling a large parcel of real property held by the bankruptcy estate, and the payment of the Defendants' real estate commissions from property of the bankruptcy estate." (Doc. 4 at 3). Finally, Defendants Uechtritz and Icon argue that "[t]o the extent the Plaintiff alleges that the subject commissions were awarded by the Bankruptcy Court to the wrong parties, which the Defendants deny, redress should be sought in the Bankruptcy Court." *Id*. at 3–4. Due to the intertwined nature of the instant Suit and the underlying bankruptcy proceedings, the Court finds transfer of this suit to the Bankruptcy Court for the Northern District of Texas, Fort Worth Division is appropriate.

### IV. CONCLUSION

For the foregoing reasons, Defendants Uechtritz and Icon's Motion to Transfer is hereby **GRANTED**. (Doc. 4).

It is further **ORDERED** that Clerk of Court is instructed to transfer this matter to the Bankruptcy Court for the Northern District of Texas, Fort Worth Division and to close the matter here.

It is so **ORDERED**.

SIGNED this 28th day of April, 2021.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE